IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA STARKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-20-3642 |
| | § | |
| OUTBACK STEAKHOUSE OF FLORIDA, LLC, *et al*. | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

**I.  Background**

Virginia Starks visited an Outback Steakhouse in Pasadena, Texas in January 2020. (Docket Entry No. 1-4 at 2). She alleges that she slipped on one of the crayons the restaurant provides to entertain children. (*Id.* at 3). She alleges neck, lower back, left shoulder, and body injuries and seeks damages. (*Id.*). Starks sued Outback and the manager, Yolanda Marcano, for negligent activity and premises liability. (*Id.* at 3–5). Outback removed, and Marcano and Outback moved to dismiss for failure to state a claim. (Docket Entry Nos. 1, 4, 5). The court dismissed the claims against Marcano and the negligent-activity claim as to both defendants. (Docket Entry No. 14). Outback now moves for summary judgment on the remaining premises liability claim. (Docket Entry No. 17).

**II.  The Summary Judgment Record**

The parties agree that Starks had finished eating at the Outback Steakhouse and that she slipped and fell while heading to the exit. (Docket Entry No. 17 at 4; Docket Entry No. 1-4 at ¶ 8). Starks alleges that she slipped and fell on a red crayon that was on the floor. (Docket Entry No. 1-4 at ¶ 8). Outback appears to concede that the crayon was on the floor but disputes that it caused

Starks to slip and fall. (Docket Entry No. 17 at 4). The parties also dispute whether the crayon was easily visible.

The summary judgment record consists of the following:

- excerpts from the deposition of Virginia Starks, (Docket Entry No. 17-1);

- photos of the Outback Steakhouse floor and an excerpt from the deposition of Virginia Starks, (Docket Entry No. 17-3);

- photo of a crayon and an excerpt from the deposition of James Atwood, manager of the Pasadena Outback Steakhouse (Docket Entry No. 17-4);

- interrogatories to Virginia Starks and answers, (Docket Entry No. 17-5); and

- the deposition of James Atwood, manager of the Pasadena Outback Steakhouse, (Docket Entry No. 18-1).

## III. The Summary Judgment Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Shepherd on Behalf of Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it would affect the outcome of the case" and "a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Warren v. Fed. Nat'l Mortg. Ass'n*, 932 F.3d 378, 882–83 (5th Cir. 2019) (quotation marks omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When the nonmovant has the burden of proof at trial, "the movant may merely point to the absence of evidence and thereby shift to the nonmovant the burden of demonstrating that there is

an issue of material fact warranting trial." *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (per curiam) (alteration omitted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters. Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). The moving party must show the absence of a genuine issue of material fact, but it need not negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (per curiam). If the moving party cannot meet this initial burden, the court must deny the motion, regardless of the nonmovant's response. *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Bailey v. E. Baton Rouge Parish Prison*, 663 Fed. App'x 328, 331 (5th Cir. 2016) (quoting *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010)). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 946 (5th Cir. 2019) (quotations omitted). Courts deciding a summary judgment motion "view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *Adams v. Alcolac, Inc.*, 974 F.3d 540, 543 (5th Cir. 2020); *see also Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (per curiam).

## IV. Analysis

Under Texas law, premises owners owe invitees the duty to warn of, or make safe from, a concealed, unreasonably dangerous condition of which the premises owner is, or should be, aware. *Austin v. Kroger Texas, L.P.,* 465 S.W.3d 193, 203 (Tex. 2015). In most cases when a hazard is open and obvious, premises owners do not have a duty to warn invitees or make the hazard safe.

*Id* at 204. Texas courts have found that a hazard is open and obvious when the injured person was in a better position to be aware of the hazard and a reasonable person should have been aware of the risk the hazard posed. *See Austin,* 465 S.W.3d at 203; *Kilchrist v. Sika Corp.*, 555 Fed. App'x. 350, 351 (5th Cir. 2014) (a premise owner owes no duty to warn of the danger of slipping in the chemical puddle that the plaintiff knew existed and walked through anyway); *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 789 (Tex. 2021) (although a power line on the ground was obvious, the plaintiff was not in better position to know whether it was energized); *Henkel v. Norman,* 441 S.W.3d 249, 252 (Tex. 2014) (the duty to warn against icy conditions was satisfied with a general warning because a reasonable person would know of the danger slipping in icy conditions); *Brookshire Grocery Comp. v. Goss,* 262 S.W.3d 793, 794 (Tex. 2008) (the hazard presented by "lowboy" cart is open and obvious because a reasonable person should know the risk of tripping); *Culotta v. DoubleTree Hotels, LLC*, No. 01-18-00267-CV, 2019 WL 2588103 at 4 (Tex. App.–Houston [1st Dist.] June 25, 2019, pet. denied) (a water feature was open and obvious because a reasonable person should have been aware of it); *Phillips v. Abraham*, 517 S.W.3d 355, 360 (Tex. App.–Houston [14th Dist.] April 7, 2017, no pet.) (the defendant owed no duty to warn of a broken sidewalk that the plaintiff subjectively knew presented a risk of breaking).

The parties dispute whether the fallen red crayon was an open and obvious hazard. Outback argues that summary judgment is appropriate because the red crayon found on the floor after Starks fell would have been open and obvious on the restaurant's white and brown floor tiles. (Docket Entry No. 17 at 5). But Outback points to no evidence that any employee or witness saw the crayon before Starks fell. Outback merely asserts that a red crayon on the brown and white tile floor should have been clearly visible to "anybody with eyeballs," while apparently denying that any

4

Outback employees saw the crayon on the floor before Starks fell. (Docket Entry No. 17-2 at 45; Docket Entry No. 17 at 12).

Starks responds by pointing to Outback's policy requiring employees to promptly pick up hazards on the floor, (Docket Entry No. 18-1 at 25–26), arguing that this supports her contention that the fallen crayon was neither open nor obvious. (Docket Entry No. 18 at 4). She alleges that during her visit the restaurant was busy, and that although many employees passed through the area where the crayon was found on the floor, no employee reported it or picked it up. (*Id.* at 5; Docket Entry No. 18-1 at 39–40). Starks also argues that the crayon had been on the floor for some time before she slipped on it, pointing to testimony that only children receive crayons, and there were no children seated at nearby tables during her visit. (Docket Entry No. 18-1 at 32, 38; Docket Entry No. 18 at 4).

Starks has raised factual disputes material to determining whether the crayon was open and obvious or not, and whether it was on the floor long enough for an Outback employee to have seen it and picked it up before Starks fell. Outback's motion for summary judgment is denied.

## V. Conclusion

Outback's motion for summary judgment, (Docket Entry No. 17), is denied.

SIGNED on July 7, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge